Parker C. J.
delivered the opinion of the Court. There is no question except whether the notice sent to the overseers of Rochester is sufficiently particular in its statement to bind that town. That they had notice in fact cannot be doubted ; the first letter informs them that a woman, by the name of Reed, whose settlement is in their town, had been supported at the expense of Shelburne. The mistake of the Christian name gave them a right to refuse to answer the charge, though it can hardly be doubted, that they were aware of" their liability except for this mistake. The letter of January 15th, connected with the information previously given, contains a perfect statement of all which it was incumbent on the plaintiffs to disclose, and we can see no good reason why they should not be considered together, the first having been received and answered, and the presumption of law being, that it remained in possession of the overseers of Rochester when the second letter was received. The second letter plainly refers to the first, and the silence of Rochester, after the receipt of the second, is strong evidence that they had no defence to make to the application. The agreed fact, that the settlement of the pauper is in Rochester, furnishes the reason of their answering the first letter, and de dining to answer the second.
*481 The objection, therefore, must be merely a technical one, of which to be sure the defendants have a right to avail themselves, if the law is with them ; but we cannot think it is. It is said the notice must be one entire thing, and cannot be made out from several independent facts, each of which taken by itself would be insufficient; but it is not easy to perceive why, if all the facts necessary to constitute legal notice are severally communicated, before a suit is commenced, it should be considered nugatory, merely because they came to the knowledge of the party to be charged at different times, he having the whole before him at the time his duty to act upon them commences. An agent is bound by his instructions, although he may receive them by successive communications, on the ground that they are all before him when he is bound to act. The two letters being supposed to be both before the overseers of Rochester, and containing together every fact necessary to be known, it would be an undue preference of form to substance, to allow the objection which is made on this account.
It was objected, however, that even if all the facts contained in both letters were comprised in the last, there is still a defective notice, as the Christian name of the pauper is put in the alternative, Sarah or Sally ; but although this gave occasion for an ingenious argument, the objection is not a sound one. Even if these were two names, there was sufficient in the letter to put the defendants upon an examination of the facts.[1]

 Bangor v. Deer Isle, 1 Greenl. 329; York v. Penobscot, 2 Greenl. 1; Dover v. Paris, 5 Greenl. 430; Chichester v. Pembroke, 2 N. Hamp. R. 530; Ware v. Williamstown, 8 Pick. 388; Lanesborough v. New Ashford, 5 Pick. 190; Walpole v. Hopkinton, 4 Pick. 358; Orange v. Sudbury, 10 Pick. 22; Uxbridge v Seekonk, ibid. 150.